UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

REGINA M. PAGE,

                Plaintiff,        1:16-CV-0044(MAT)
    -v-                           **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security[1],

                Defendant.
_____

**INTRODUCTION**

Regina M. Page ("Plaintiff"), represented by counsel, brings this action under Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant"), denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Commissioner's decision is reversed, Plaintiff's motion is granted to the extent that the matter is remanded solely for calculation payment of benefits, and Defendant's motion is denied.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## PROCEDURAL BACKGROUND

On January 25, 2013, Plaintiff protectively filed for DIB and SSI, alleging disability beginning January 1, 2012. Administrative Transcript ("T.") 149-58. The claim was initially denied on March 26, 2013, and Plaintiff timely requested a hearing. T. 85-95. A hearing was conducted via video conference on August 5, 2014, in Falls Church, Virginia by administrative law judge ("ALJ") Mary Withum. T. 27-58. Plaintiff appeared via video conference with her attorney and testified. An impartial vocational expert ("VE") also testified.

The ALJ issued an unfavorable decision on October 27, 2014. T. 9-26. Plaintiff requested review of the ALJ's decision by the Appeals' Council. T. 6-8. The Appeals Council denied Plaintiff's request for review on December 14, 2015, making the ALJ's decision the final decision of the Commissioner. T. 1-5. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. T. 14.

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: chronic obstructive pulmonary disease ("COPD"), fibromyalgia, osteoarthritis, anxiety and

2

depression. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ specifically considered Listings 12.04 and 12.06. T. 15.

Before proceeding to step four, the ALJ assessed Plaintiff as having the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), with the following additional limitations: no climbing ladders, ropes and scaffolds; occasional climbing of ramps and stairs; occasional stooping, crouching, kneeling, and crawling; no concentrated exposure to extreme cold and heat; no exposure to unprotected heights; able to perform simple, routine and repetitive tasks performed in a work environment free of fast-paced production requirements, involving occasional decision making and occasional work place changes; and only occasional interaction with the public, co-workers and supervisors. T. 16.

At step four, the ALJ found that Plaintiff was unable to perform any of her past relevant work. T. 21. At step five, the ALJ relied on the VE's testimony to determine that a person of Plaintiff's age, and with her education, work experience, and RFC, could perform the requirements of the following representative jobs that exist in significant numbers in the national economy: Bench assembler (Dictionary of Occupational Titles ("DOT") No. 706.684-022, unskilled, SVP 2, light exertional level); Inspector (DOT No. 762.687-014, unskilled, SVP 2, light exertional level); and

3

Sorter (DOT No. 789.687-034, unskilled, SVP 2, light exertional level). T. 22. The ALJ accordingly found that Plaintiff had not been under a disability, as defined in the Act, since the application date. *Id.*

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

4

**DISCUSSION**

Plaintiff contends that remand for calculation and payment of benefits is warranted for the following reasons: (1) the ALJ erred in failing to properly evaluate the opinions of consulting psychologist Dr. Yu-Ying Lin and consulting physician Dr. Karl Eurenius, which both supported some level of disability; (2) the ALJ did not properly evaluate and failed to give good reasons for rejecting treating physician Dr. George Stefanos' disability-supporting opinion; and (3) the ALJ erred in relying on an RFC assessment that conflicts with the basic mental demands of unskilled work, as well as in relying on VE testimony that conflicts with SSA regulatory definitions.

For the reasons discussed below, the Court agrees with Plaintiff that, under the applicable regulations, the ALJ was required to afford controlling weight to Dr. Stefanos' opinion. Moreover, because the medical evidence of record, including both Dr. Lin and Dr. Eurenius' opinions, compels a finding of disability, remand of this matter solely for calculation and payment of benefits is warranted.

**I.  Evaluation of Dr. Stefanos' Opinion**

Under the Commissioner's regulations in place at the time the ALJ issued her decision, a treating physician's opinion is generally entitled to "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R.

§ 404.1527(c)(2); *see also Green-Younger*, 335 F.3d at 106. An ALJ may give less than controlling weight to a treating physician's opinion if it does not meet this standard, but must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). The ALJ is required to consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues" in determining how much weight to afford a treating physician's opinion. *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); *see also* 20 C.F.R. §§ 404.1527(c)(1)-(6). However, the ALJ need not expressly discuss each of these factors, so long as his "reasoning and adherence to the regulation are clear." *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (citing *Halloran*, 362 F.3d at 31–32).

In this case, Plaintiff's primary care physician, Dr. Stefanos, completed a New York State Disability Determination Medical Source Opinion Questionnaire on February 12, 2013. T. 263-

6

67. Dr. Stefanos reported he had been treating Plaintiff since 1997 and Plaintiff's treating diagnoses at the time were depression, fibromyalgio, COPD, and tobacco abuse. T. 263. Dr. Stefanos reported Plaintiff suffered from coughing, wheezing, low self-esteem and guilt, which, he opined, would be life-long conditions. T. 263-64. Regarding work-related physical activities, Dr. Stefanos opined Plaintiff is limited to occasionally (up to 1/3 of a work day) lifting and carrying up to five pounds, standing or walking for less than two hours per day (the lowest option available on the form), sitting for less than six hours per day (the lowest option available on the form), pushing and/or pulling no more than five pounds with her upper extremities, and that her severe depression and anxiety, and emphysema were conditions significant to her recovery. T. 266-67.

In her decision, the ALJ assigned "little probative weight" to Dr. Stefanos' opinion. T. 20. The ALJ stated the opinion provided no reference to any positive musculoskeletal findings and had no medical examination findings to support the limitations noted. *Id.* Furthermore, the ALJ found that Dr. Stefanos' opinion was inconsistent with the Plaintiff's consultative internal examination and there was no treating evidence of a medical specialist, such as a rheumatologist, to support the opinion. *Id.*

The ALJ's reasons for discounting Dr. Stefanos' opinion are conclusory and unsupported by the record. The ALJ's observation that there were no positive musculoskeletal findings in Dr. Stefanos' progress notes indicates the ALJ was assuming that

7

Dr. Stefanos' limitations were based on musculoskeletal impairments. However, Dr. Stefanos made no such assertion in his source statement. Rather, the limitations he opined to (*i.e.* walking less than two hours per day, and carrying, pushing, and pulling no more than five pounds at a time) could reasonably be attributed to Plaintiff's diagnoses of COPD and emphysema. During the relevant period and consistent with Dr. Stefanos' source opinion, his treatment notes report wheezing upon physical examination on June 6, 2012 (T. 319), and dyspnea and wheezing on September 6, 2012 (T. 307), February 12, 2013 (T. 294), and May 22, 2013 (T. 405). The ALJ's failure to consider the impact of Plaintiff's well-documented respiratory conditions on Dr. Stefanos' opinion was error, and constituted a substitution of the ALJ's own lay opinion for competent medical evidence.

The ALJ's conclusion that the record contained no evidence of a medical specialist to support Dr. Stefanos' opinion is also in error. Dr. Stefanos' March 18, 2013 treatment notes indicate he had recommended a consultation with a pulmonologist. T. 402. Plaintiff underwent pulmonary function tests on August 14, 2013 which showed the presence of moderate obstructive lung disease and her diffusing capacity was rated as severely reduced. T. 417. On September 25, 2013, Plaintiff was examined by Dr. Jennifer Stalica of Unity Pulmonary, who reported back to Dr. Stefanos that Plaintiff noted she is able to walk one flight of stairs but is winded and must rest at the top of each flight, it is difficult for her to carry heavy objects, such as laundry and grocery bags, and occasionally

8

will walk less than a mile. Plaintiff reported a productive morning cough and wheezing at times. She also reported low back pain and several musculoskeletal complaints. *Id.* These reports, while made after Dr. Stefanos' source opinion, corroborate the limitations he included in his opinion. The ALJ's decision includes reference to Dr. Stalica's pulmonary evaluation (*see* T. 18.), yet, as noted above, the ALJ stated there was no treating evidence of a medical specialist to support Dr. Stefanos' opinion. This inconsistency in the decision again indicates the ALJ assumed Dr. Stefanos only based the limitations in his opinion on musculoskeletal issues.

The ALJ also failed to support her conclusion that Dr. Stefanos' opinion was inconsistent with Plaintiff's consultative exam. As discussed further below, consultative examiner Dr. Eurenius concluded that Plaintiff had several serious limitations. The ALJ failed to take these findings into account, instead stating that "the physical findings during the consultative internal examination were within normal limits." T. 20. This is an inaccurate summary of Dr. Eurenius' examination, during which Plaintiff's blood pressure was high, rotation of her neck to the right caused her shoulder pain, elevation of her right shoulder caused pain in her shoulder and neck, and she had tenderness in her top left shoulder joint. T. 359-60.

For all the foregoing reasons, the Court finds that the ALJ failed to articulate good reasons for affording less than controlling weight to Dr. Stefanos' opinion. Dr. Stefanos' opinion was consistent with the medical evidence of record and his own

9

long-standing treatment of Plaintiff. The applicable regulations required the ALJ to afford it controlling weight, and the ALJ erred in not doing so.

**II. Evaluation of Consultative Opinions**

Plaintiff contends that, in addition to improperly weighing Dr. Stefanos' opinion, the ALJ failed to appropriately consider and weigh the opinions of consultative examiners Dr. Lin and Dr. Eurenius. The Court agrees.

"[W]here the ALJ fails to give controlling weight to opinions from plaintiff's treating sources, the [Commissioner's r]egulations require an ALJ to explain the weight given to the opinions of state agency medical consultants." *Stytzer v. Astrue*, No. 1:07-CV-811 NAM/DEP, 2010 WL 3907771, at *7 (N.D.N.Y. Sept. 30, 2010). Moreover, where the ALJ rejects the opinion of a treating physician, the opinion of the consultative examiner "takes on particular significance." *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp.2d 288, 295 (W.D.N.Y. 2006). "When the medial source statement of the consultative examiner conflicts with the ALJ's RFC assessment, the plaintiff is entitled to an express recognition from the Commissioner of the existence of a favorable medical source statement and, if the ALJ declined to accept it, the reasons for not doing so." *Stytzer*, 2010 WL 390771 at *7.

Here, Plaintiff was examined by consultative psychologist Dr. Lin and consultative physician Dr. Eurenius. Both of these examining medical sources opined Plaintiff had significant limitations as a result of her impairments. As discussed below, the

10

ALJ discredited the opinions of both consultative examiners, based on her own lay opinion and the opinion of the non-examining psychological consultant (*see* T. 16, *referring to* T. 61-84), which the Court finds to be in error.

### A. Consulting Psychologist Dr. Yu-Ying Lin

The ALJ committed error when she discredited the opinion of consulting psychologist Dr. Lin, based on her lay assessment of Plaintiff's mental health symptoms. Plaintiff was examined by state agency consulting psychologist Dr. Lin on March 1, 2013. In her report, Dr. Lin noted Plaintiff had circumstantial and tangential thoughts processes, dysphoric affect and dysthymic mood, and impaired attention, concentration, and memory. T. 354. Dr. Lin opined Plaintiff's insight and judgment were fair and her intellectual functioning appeared to be below average. Plaintiff's medical condition could make daily functions such as cooking, cleaning, laundry, and shopping difficult at times. T. 355. In her source statement, Dr. Lin opined Plaintiff could not maintain attention and concentration. At times, she is unable to maintain a regular schedule or make appropriate decisions. She is unable to appropriately deal with stress and her difficulties are caused by stress-related problems and a lack of motivation. Dr. Lin opined that the results of Plaintiff's examination appeared to be consistent with psychiatric problems which may significantly interfere with her ability to function on a daily basis. *Id.* Dr. Lin diagnosed Plaintiff with major depressive disorder,

moderate, and generalized anxiety disorder. *Id.* She recommended psychiatric intervention, individual psychological therapy, medical evaluation, and vocational training. Finally, Dr. Lin gave Plaintiff the prognosis of fair to guarded. T. 356.

In her decision, the ALJ assigned "some weight" to the mental health limitations identified by Dr. Lin, reasoning that "the routine and conservative treatment and normal mental status examinations during the follow[up] visits with Dr. Stefanos do not support the finding that [Plaintiff] would not be able to perform activities within a schedule." The ALJ further reasoned that although Plaintiff has moderate limitations in her ability to maintain attention and concentration, Plaintiff's mental health symptoms were not so severe as to preclude her from performing some work within her RFC. T. 19-20. This reasoning erroneous. "Neither a reviewing judge nor the Commissioner is permitted to substitute his own expertise or view of the medical proof for ... competent medical opinion." *Burgess v. Astrue*, 537 F.3d 117, 131 (2d Cir. 2008) (internal citation and quotation omitted). Furthermore, an ALJ may not rely on her own lay opinion to conclude a claimant "has not generally received the type of medical treatment one would expect from a totally disabled individual." *Davis-Payne v. Colvin*, No. 1:15-CV-00379 (MAT), 2018 WL 300110, at *3 (W.D.N.Y. Jan. 5, 2018) (citing *Blakes ex rel. Wolfe v. Barnhart*, 331 F.3d 565,570 (7th Cir. 2003)).

12

In this case, Dr. Stefanos' treatment notes include reference to Plaintiff's ongoing issues with depression and anxiety. On February 12, 2013, Dr. Stefanos noted Plaintiff's examination revealed anxiety, depressed thinking and disorganized thinking. Dr. Stefanos recommended Plaintiff receive a psychiatry consultation. He discontinued her prescription of Zoloft (50 mg tablet once a day) and wrote a new prescription for Xanax (1 mg tablet once a day). T. 290-294. At a May 2013 appointment, Dr. Stefanos diagnosed Plaintiff with anxiety. T. 405. In July 2013, Dr. Stefanos again noted that Plaintiff's examination revealed anxiety and depressed thinking. T. 410. The ALJ's conclusion that these findings do not support Dr. Lin's professional assessment of Plaintiff's abilities is not supported by competent medical evidence. Accordingly, the Court finds that the ALJ erred in evaluating Dr. Lin's opinion and failed to identify appropriate reasons for disregarding the portions of this opinion that were favorable to Plaintiff.

Additionally, the ALJ found that Dr. Lin's opinion that Plaintiff was unable to appropriately deal with stress, could not maintain attention and concentration, and at times would be unable to maintain a regular schedule or make appropriate decisions was inconsistent with the opinion of non-examining psychological consultant Dr. R. Nobel. Dr. Nobel opined Plaintiff would have moderate limitations in her ability to understand, remember and carry out detailed instructions, maintain attention and concentration for extended periods, and maintain and perform within

13

a schedule. T. 80. The ALJ adopted nearly all of Dr. Nobel's limitations, while disregarding Dr. Lin's opinion. T. 19-20. The Court finds this was an error. The Commissioner's regulations naturally give preference to the opinions of examining doctors over non-examining doctors. *See* 20 C.F.R. § 404.1527(d)(1). ("Generally, we give more weight to the opinion of the source who has examined you than to the opinion of a source who has not examined you."). A face-to-face exam of a patient is more reliable than an opinion based only the review of a "cold" medical record. *Valazquez v. Barnhart*, 518 F.Supp.2d 520, 524 (W.D.N.Y. 2007). Moreover, the inherent subjectivity of a psychiatric diagnosis requires a personal evaluation of the patient's credibility and affect. *See Westphal v. Eastman Kodak Co.*, No. 05-CV-6120, 2006 WL 1720380 *4, *5 (W.D.N.Y. 2006). Here, where Dr. Lin's opinion was supported by her thorough examination and was consistent with the other medical evidence of record, the ALJ's reliance on a non-examining source was inappropriate. The ALJ's discounting of Dr. Lin's consultative opinion was erroneous and unsupported by substantial evidence.

**B. Consulting Physician Dr. Karl Eurenius**

The ALJ also erred in the weighing of Dr. Eurenius' consultative opinion. In particular, the ALJ's determination that Dr. Eurenius' use of the terms "mildly" and "moderately to markedly" rendered his opinion vague and ambiguous for the purposes of determining an RFC was inappropriate, given Dr. Eurenius'

detailed musculoskeletal examination notes included with his medical source statement.

Dr. Eurenius examined Plaintiff on March 1, 2013. T. 358-61. Upon examination, Plaintiff noted pain in the right posterior shoulder when fully rotating her neck to the right. Plaintiff had full range of motion of her shoulders, elbows, forearms, and wrists bilaterally, but elevation of the right shoulder caused her pain in the top of the right shoulder and in the posterior right neck. T. 360. After fully examining Plaintiff, Dr. Eurenius determined her prognosis was stable. He diagnosed Plaintiff with emphysema, allergic asthma, pain of the right shoulder and right neck, and mental health issues. T. 361. In his source statement, he opined that Plaintiff was mildly limited in lifting and carrying with her right arm due to right shoulder pain; she was moderately to markedly limited in exertional activities such as walking and climbing and repetitive activities due to shortness of breath secondary to COPD. T. 361.

An ALJ is required to appropriately explain the weight given to a consultative examiner's opinion. *See Reider v. Colvin*, No. 15-CV-6157P, 2016 WL 5334436, at *5 (W.D.N.Y. Sept. 23, 2016). In this case, the ALJ failed to do so. First, the ALJ erroneously stated that Dr. Eurenius' physical findings were completely normal, when in fact he observed musculoskeletal issues upon examination. Second, the ALJ stated that Dr. Eurenius' use of the phrases "mildly" and "moderately to markedly" were impermissibly vague. However, the "the mere use of phrases such as 'moderate' or 'mild'

15

does not render a doctor's opinion vague or non-substantial for purposes of an ALJ's RFC determination." *Dutcher v. Colvin*, No. 1:12-CV-1662 GLS, 2014 WL 295776, at *5 (N.D.N.Y. Jan. 27, 2014). Instead, the determinative question is whether the conclusions were supported by examination results and the record as a whole. *Id*. Here, Dr. Eurenius' conclusions were consistent with his physical examination and the medical evidence of record, and the ALJ improperly concluded that his opinion was unduly vague. Accordingly, the Court finds that there was no legitimate reason for the ALJ to discount the limitations identified by Dr. Eurenius.

**III. Remedy**

Under 42 U.S.C. § 405(g), the district court has the power to affirm, modify, or reverse the ALJ's decision with or without remanding for a rehearing. Remand solely for calculation and payment of benefits is appropriate where the record persuasively demonstrates the claimant's disability, *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980), and there is no reason to conclude that additional evidence exists that might support the Commissioner's claim that the claimant is not disabled, *Butts v. Barnhart*, 388 F.3d 377, 385–86 (2d Cir. 2004).

For the reasons set forth above, the Court finds that the ALJ's decision to give less than controlling weight to the opinion of Plaintiff's treating physician, Dr. Stefanos was legally erroneous and unsupported by substantial evidence. Likewise, the ALJ's discounting of Dr. Lin and Dr. Eurenius' consultative

16

opinions was legally erroneous and not based on substantial evidence. Dr. Lin opined Plaintiff is unable to maintain a regular schedule or make appropriate decisions due to her psychiatric problems. T. 355. At the hearing, the VE testified that an individual who could not maintain a regular schedule would be unable to sustain any competitive work. T. 57. Had the ALJ given proper weight to these medical opinions, a finding of disability would have necessarily followed. Finally, the record in this case is complete, and further development cannot reasonably be expected to support a finding that Plaintiff is not disabled. Accordingly, the Court finds that remand solely for the calculation and payment of benefits is warranted.

## CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's decision was legally erroneous and is not supported by substantial evidence. It therefore is reversed. Accordingly, Defendant's motion for judgment on the pleadings (Docket No. 12) is denied, and Plaintiff's motion for judgment on the pleadings (Docket No. 9) is granted, and the case is remanded solely for the calculation and payment of benefits. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated: May 23, 2018
Rochester, New York